Thomas A. Saenz (Cal. Bar No. 159430)
Deylin O. Thrift-Viveros (Cal. Bar No. 306873)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
        dthrift-viveros@maldef.org

*Attorneys for Plaintiff*
*and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YULIANA CAMACHO, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>  vs.<br><br>ALLIANT CREDIT UNION,<br><br>          Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981 AND CALIFORNIA STATE LAW; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yuliana Camacho ("Plaintiff" or "Plaintiff Camacho"), individually and on behalf of all others similarly situated, by her attorneys makes the following allegations, based upon information and belief, against Defendant Alliant Credit Union ("Defendant" or "Alliant"):

**INTRODUCTION**

1.    Defendant Alliant follows a policy of denying full access to loan products and services, in addition to other banking products and services, to applicants on the basis of their immigration status or alienage, including those who are DACA (Deferred Action for Childhood Arrivals) recipients.

2.    Plaintiff Camacho and members of the Class she seeks to represent were and are unable to access Defendant's financial services because of their immigration status or alienage. Plaintiff brings this case against Alliant for unlawful discrimination in violation of the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981 ("Section 1981"), and the Unruh Civil Rights Act, as codified by California Civil Code §§ 51, *et seq.*

**JURISDICTION AND VENUE**

3.    This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4.    This Court is empowered to issue a declaratory judgment by 28 U.S.C. §§ 2201 and 2202.

5.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

6.    **Divisional Assignment**: Under N.D. Cal. Local Rule 3-2(c), intradistrict assignment to the San Jose Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Monterey County.

//

//

//

- 1 -

CLASS ACTION COMPLAINT

## PARTIES

**Plaintiff**

7.      Plaintiff Yuliana Camacho is a resident of Salinas, California and has been a DACA recipient since 2012.  As part of the DACA initiative, Plaintiff Camacho received authorization to work in the United States and a Social Security Number.  Plaintiff Camacho resided in Salinas on the date she applied for an automobile-purchase loan from Defendant and was unlawfully denied.

8.      Defendant subjected Plaintiff Camacho and members of the Class she seeks to represent to the violations described in this Complaint.

**Defendant**

9.      Defendant Alliant Credit Union is a member-owned credit union.  Alliant is an Illinois corporation registered with the California Secretary of State as a foreign corporation qualified to conduct business in the State of California.

10.     Defendant maintains a business and mailing office at 11545 W. Touhy Avenue, Chicago, Illinois 60666.

11.     Alliant offers consumers a range of financial and credit products, including retail banking services, retirement and life insurance products, personal loans, auto loans, credit cards, and home mortgages.

## STATEMENT OF FACTS

12.     Plaintiff Camacho brings this action on behalf of herself and members of the proposed Plaintiff Class.  The class seeks damages, declaratory, and injunctive relief.

13.     Plaintiff Camacho is a recipient of DACA, and has been since 2012.  Since that time, she has continuously possessed an employment authorization card and Social Security Number.  Camacho graduated from Salinas High School and attended Hartnell College in Salinas, California.

14.     Camacho has worked as an Administrative Assistant in the Salinas Union High School District.

CLASS ACTION COMPLAINT

15.    In or around October 2021, Camacho ordered a Tesla vehicle through the Tesla website.  Camacho then sought an automobile-purchase loan to finance the vehicle.  She spoke with a Tesla representative who recommended that she apply for financing from Defendant Alliant, as many of Tesla's customers had success acquiring loans from Alliant.  To reserve her vehicle while her financing was pending, Camacho was required to pay Tesla a non-refundable order fee of $250.

16.    In or around October 2021, Camacho applied for a $43,442.96 automobile-purchase loan from Alliant through its online portal.  She listed her husband, a U.S. citizen, as a co-signer.  As part of the application process, Camacho submitted her Social Security Number.  Based on the information provided by Camacho, Alliant pre-approved her application.

17.    In order to determine Camacho's foreign-national status to complete the application process, Alliant requested that Camacho upload either I-797 and I-94 forms if she was a visa holder, a permanent resident card if she was a permanent resident, or a naturalization certificate if she was a naturalized citizen.

18.    When Camacho informed the Alliant representative, through its messaging portal, that she was not a visa holder, permanent resident, or naturalized citizen, but a DACA recipient, the Alliant representative told her that Alliant does "not lend on DACA status."  The Alliant representative informed Camacho that her husband would have to submit another application solely in his own name and remove her from the loan application.

19.    Camacho also received an "Adverse Action Notice" from Alliant, confirming receipt of her application.  The notice from Alliant, under "Principal Reason(s) for Credit Denial, Termination, or Other Action Taken," contained a checkbox that shows that her application was denied solely based on her "Residency Status."

20.    Alliant's denial of her application caused Camacho to feel discriminated against and excluded from participating in commerce in the United States.  Camacho suffered harm and emotional distress as a result of Alliant's unlawful denial of her application.

CLASS ACTION COMPLAINT

21.    Alliant's refusal to offer Plaintiff an opportunity to apply for an auto loan because of its limited and arbitrary immigration-status requirement violates 42 U.S.C. § 1981.

22.    Alliant's refusal to offer Plaintiff an opportunity to apply for an auto loan because of her immigration status violates the California Unruh Civil Rights Act.

23.    There is an actual and substantial controversy between Plaintiff and Alliant.

## **CLASS ACTION ALLEGATIONS**

24.    Plaintiff Camacho incorporates by reference the allegations in all preceding paragraphs.

25.    Plaintiff Camacho brings this action on behalf of herself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure as a nationwide class.

26.    Plaintiff Camacho seeks to represent the following nationwide Class ("National Class"), composed of, and defined, as follows:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a financial product from Alliant but were denied full and equal consideration by Alliant on the basis of alienage.

27.    Plaintiff Camacho additionally brings class allegations on behalf of a California Subclass composed of and defined as follows:

> All persons who resided in California at the relevant time they applied for or attempted to apply for a financial product from Alliant but were denied full and equal consideration by Alliant on the basis of their immigration status.

28.    Plaintiff may amend the above class definitions as this Court may permit or require.  This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

29.    The potential members of the above National Class and California Subclass as defined are so numerous that joinder is impracticable.

- 4 -

30.     On information and belief, Defendant's records contain information as to the number and location of the National Class and California Subclass members that would allow the class to be ascertained.

**Rule 23(a)(2) – Common Questions of Law and Fact**

31.     There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiff Camacho or any other individual Class Members.  These common questions of law and fact include, without limitation:

a.      Whether it is Alliant's policy to reject applicants for financial products on the basis of immigration status;

b.      Whether Alliant violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff Camacho and the National Class on the basis of alienage;

c.      Whether Alliant violated the California Unruh Civil Rights Act by denying full and equal access to its services to Plaintiff Camacho and the California Subclass on the basis of immigration status;

d.      Whether Plaintiff Camacho and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

e.      Whether Plaintiff Camacho and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

32.     The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff Camacho and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of Federal and California laws, regulations, and statutes as alleged here.

**Rule 23(a)(4) – Adequacy of Representation**

33.     Plaintiff Camacho will fairly and adequately represent and protect the interests of the Class Members.

CLASS ACTION COMPLAINT

34.     Plaintiff Camacho has retained counsel competent and experienced in complex litigation and discrimination class action.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

35.     Class certification is appropriate because Alliant has acted and/or refused to act on grounds generally applicable to the members of the National Class and California Subclass. Alliant's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff and the Class Members as a whole.

36.     Alliant excludes Class Members in the National Class and California Subclass outright from banking products and services on the basis of alienage and immigration status. The Class Members of the National Class and California Subclass are entitled to declaratory, equitable, and injunctive relief to end Alliant's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

37.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating on the basis of immigration status and denying full and equal access to Defendant's services.

38.     No other litigation concerning this controversy has been commenced by or against Class Members.

39.     Class action treatment will allow similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case.  Under the Unruh Civil Rights Act, Class Members have been damaged and are entitled to recovery of damages and statutory penalties because of Alliant's discriminatory policies.  Damages are capable of measurement on a class-wide basis.  Plaintiff Camacho and

Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable policies and practices in the relevant period.

40.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

### FIRST CLAIM FOR RELIEF
**Alienage Discrimination**
**(42 U.S.C. § 1981)**

41.     Plaintiff Camacho incorporates by reference the allegations in all preceding paragraphs.

42.     Plaintiff Camacho brings this claim on her own behalf and on behalf of the National Class.

43.     Plaintiff and Class Members are persons within the jurisdiction of the United States.

44.     Plaintiff and Class Members are aliens.

45.     Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

46.     Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

47.     Defendant intentionally discriminated against Plaintiff and members of the Class on the basis of alienage by denying them the opportunity to apply for financial products.

48.     Defendant intentionally discriminated against Plaintiff and members of the Class by interfering with their right to make and enforce contracts for financial products on the basis of alienage.

49.     Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here.  Plaintiff and Class Members request that the Court issue a

permanent injunction ordering Defendant to alter its policies and practices to prevent further

violations on the basis of alienage.

50.    Plaintiff and Class Members are now suffering, and will continue to suffer,

irreparable injury from Alliant's discriminatory acts and omissions.

**SECOND CLAIM FOR RELIEF**
**Violation of the Unruh Civil Rights Act**
**(California Civil Code §§ 51, *et seq.*)**

51.    Plaintiff Camacho incorporates by reference the allegations in all preceding

paragraphs.

52.    Plaintiff Camacho brings this claim on her own behalf and on behalf of the

California Subclass.

53.    Plaintiff and class members are persons within the jurisdiction of the State of

California and resided in California at the time of Defendant's discriminatory acts.

54.    Defendant conducts business within the jurisdiction of the State of California and

is therefore obligated to comply with the provisions of the Unruh Act, California Civil Code §§

51, *et seq*.

55.    Plaintiff and class members are entitled to full and equal accommodations,

advantages, facilities, privileges, or services in all business establishments of every kind

whatsoever no matter their immigration status, and no business establishment of any kind

whatsoever may refuse to contract with Plaintiff and class members because of or due in part to

their immigration status.

56.    Defendant violated the Unruh Civil Rights Act by denying Plaintiff and members

of the California Subclass the opportunity to apply for financial products free of discriminatory

conditions imposed on the basis of their immigration status.

57.    Under Section 52(a) of the Unruh Civil Rights Act, Plaintiff and members of the

California Subclass are entitled to actual damages suffered, statutory damages of up to three

times the amount of actual damages suffered per violation, but no less than $4,000, and

attorneys' fees.

- 8 -

58.     Under Section 52(c), Plaintiff requests that this Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's immigration status and to prevent further violations of the Unruh Civil Rights Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Camacho and the Class she seeks to represent pray for relief as follows:

i.      Certification of the case as a class action on behalf of the proposed Class Members in the National Class and California Subclass;

ii.     Designation of Plaintiff Camacho as the class representative on behalf of the National Class and California Subclass;

iii.    Designation of Plaintiff's counsel of record as Class Counsel;

iv.     That this Court issue a declaratory judgment that Defendant's policies and practices complained of here are unlawful and violate 42 U.S.C. § 1981 and the California Unruh Civil Rights Act;

v.      A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth herein;

vi.     That this Court award statutory and compensatory damages to Plaintiff and the Class Members in an amount to be determined at trial;

vii.    That this court award to Plaintiff and Class Members reasonable attorneys' fees and costs to the extent allowable by law;

viii.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

- 9 -

CLASS ACTION COMPLAINT

1   Dated: March 16, 2022

2

3   Respectfully submitted,              MEXICAN AMERICAN LEGAL DEFENSE
                                              AND EDUCATIONAL FUND

4                                             /s/ Deylin O. Thrift-Viveros

5                                             Deylin O. Thrift-Viveros
                                            Thomas A. Saenz

6                                             MEXICAN AMERICAN LEGAL DEFENSE
                                            AND EDUCATIONAL FUND

7

8                                             *Attorneys for Plaintiff and the Proposed Class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -