Thomas A. Saenz (Cal. Bar No. 159430)
Luis L. Lozada (Cal. Bar No. 344357)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email:  tsaenz@maldef.org
            llozada@maldef.org

*Attorneys for Plaintiffs
and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERSN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YULIANA CAMACHO, an individual, and JOSHUA SOTO LOPEZ, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANT CREDIT UNION,<br><br>Defendant. | Case No.: 5:22-cv-01690-BLF<br><br>**FINAL JUDGMENT AND [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Judge: Beth Labson Freeman<br>Hearing Date: August 15, 2024<br>Hearing Time: 9:00 a.m.<br>Courtroom: Videoconference |

**FINAL JUDGMENT AND [~~PROPOSED~~] ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing based on the Order of this Court dated April 15, 2023 [dkt. 61], on the application of Plaintiff for approval of the Settlement set forth in the Settlement Agreement and Release dated October 18, 2023 (the "Agreement") [dkt. 56-2]. On April 15, 2024, this Court granted preliminary approval to the proposed class action settlement set forth in the Agreement between Plaintiff Yuliana Camacho, (the "Class Representative"), individually and as class representative on behalf of the Class, and Defendant Alliant Credit Union (collectively, the "Parties"). This Court also preliminarily certified the Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Class, and set a Final Approval Hearing to take place on August 15, 2024. On May 6, 2024, Plaintiff filed a First Amended Complaint, identifying Joshua Soto Lopez as a named plaintiff and National Class representative. Dkt. 64. The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's preliminary approval order [dkt. 25].

The Court has reviewed the papers filed in support of the Unopposed Motion for Final Approval, including the Agreement and attached exhibits, memoranda and arguments submitted on behalf of the Settlement Class, and supporting declarations.

On August 15, 2024, this Court held a Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; (3) whether and in what amount to award attorneys' fees and costs to Class Counsel; and (4) any awards to the Class Representatives for their representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties at the Final Approval Hearing, the Court has determined that the Agreement is fair, adequate, and reasonable, and in the best interest of the Settlement Class.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **Definitions.**  This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined here, shall have the same meanings as in the Agreement.

2. **Jurisdiction and Venue.**  This Court has jurisdiction over the subject-matter of the Action and over all parties to the Action, including all members of the Class, and venue in this Court is proper.

3. **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.**  Under Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies the Action as a class action, with the Class defined as to the collective group of all persons making up the Class, defined as follows:

- "California Class Member(s)" shall mean the 28 individuals who, according to Defendant's records, applied for a Consumer Credit Product with Defendant from March 16, 2020 through July 31, 2023; were legally residing in the State of California at the time they applied; were denied such loan due to their immigration or residency status at the time they applied; and whose valid and unexpired immigration status at the time they applied was one of the following: (1) DACA; (2) H4 (and applying without the corresponding H1-B, H-2B, or H3 visa holder to which it is dependent); or (3) asylum applicant.

- "National Class Member(s)" shall mean the 67 individuals who, according to Defendant's records, applied for a Consumer Credit Product with Defendant from March 16, 2020 through July 31, 2023; were residing or residing as a matter of law in any state of the United States other than California at the time they applied; were denied such loan due to their immigration or residency status at the time they applied; and whose valid and unexpired immigration status at the time they applied was one of the following: (1) DACA; (2) H4 (and applying without the corresponding H1-B, H-2B, or H3 visa holder to which it is dependent); or (3) asylum applicant.

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the members of the Class are so

- 2 -

**FINAL JUDGMENT AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER
OF DISMISSAL WITH PREJUDICE**                                              CASE NO. 5:22-cv-01690-BLF

numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives will fairly and adequately represent and protect the interests of the Class Members because their interests are co-extensive with those of the Class Members, and they have retained experienced counsel to represent them and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Designation of Class Representatives and Class Counsel**.  The Court confirms the prior appointment of Plaintiff Yuliana Camacho as California Class Representative and confirms the prior appointment of Joshua Soto Lopez as National Class Representative, and the counsel of record representing the Class Representatives in this Action as Class Counsel.

6. **Settlement Approval.**  Under Federal Rule of Civil Procedure 23, this Court approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Parties.  The Court further finds that the Settlement set forth in the Agreement is the result of good faith, arms-length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the Settlement embodied in the Agreement is finally approved in all respects, there is no just reason for delay, and the Parties are directed to perform its terms.

7. **Dismissal with Prejudice.**  Final Judgment is entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are dismissed in their entirety with prejudice and without costs.  All claims in the Action are dismissed, and the case shall be closed under Paragraph 22 of this Order.

8. **Releases.**  The releases as set forth in Section 13 of the Agreement together with the definitions in Section 1 relating to them are expressly incorporated here in all respects and

**FINAL JUDGMENT AND [PROPOSED] ORDER
OF DISMISSAL WITH PREJUDICE**                                                             CASE NO. 5:22-cv-01690-BLF

made effective by operation of this Judgment.  The Court approves the release provisions as contained and incorporated in Section 13 of the Agreement, including but not limited to the definitions of Section 1.  The Defendant Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Defendant Releasees.

9. **Permanent Injunction.**  The Defendant Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims.  The Defendant Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

10. **Approval of Class Notice.**  The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.  The Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth here, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.  The Court also finds that all Class Members were given a full and fair opportunity to object, and all Class Members have had a full and fair opportunity to exclude themselves from the Class.

- 4 -

**FINAL JUDGMENT AND [PROPOSED] ORDER
OF DISMISSAL WITH PREJUDICE**                                                         CASE NO. 5:22-cv-01690-BLF

11.     **No Objections.**  The Court finds, as set forth in the Declaration of Melissa E. Baldwin Regarding Settlement Administration, dated July 1, 2024, no objections to the Settlement have been filed by members of the Class and no members of the Class requested exclusion from the class.

12.     **Attorneys' Fees and Costs.**  Plaintiffs and Class Counsel have moved for an award of attorneys' fees and costs in the amount of $50,000.  The Court has considered this application separately from Plaintiffs' Unopposed Motion for Final Approval.  The Court finds that an award of $50,000 in attorneys' fees and costs is fair and reasonable, and the Court approves of Class Counsel attorneys' fees and costs in this amount.

13.     **Class Representative Incentive Award.**  The Court further finds that the service award for Plaintiff Yuliana Camacho in the amount of $4,500 is fair and reasonable and that the service award for Plaintiff Joshua Soto Lopez in the amount of $500 is fair and reasonable, and the Court approves the incentive awards in this amount.  The Court directs the Settlement Administrator to disburse these awards to Plaintiff Camacho and Plaintiff Soto Lopez.

14.     **Settlement Administrator.**  The Court appoints RG/2 Claims Administration LLC ("RG2 Claims" or the "Claims Administrator") as the Claims Administrator under the terms of the Agreement.  All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid by Defendant.  The Settlement Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the Agreement and shall comply with the terms of the Agreement.

15.     **Final Report.**  The Parties will file a Final Report with this Court documenting the disbursement of the Settlement Fund within ten (10) days of the checks sent to Class Members having gone stale.  Within thirty (30) days after filing the Final Report with this Court the total amount of uncashed checks, and residual amounts held by the Claims Administrator at the time of

- 5 -

**FINAL JUDGMENT AND [PROPOSED] ORDER**
**OF DISMISSAL WITH PREJUDICE**                                                      CASE NO. 5:22-cv-01690-BLF

the Final Report, shall be paid by the Claims Administrator to a *Cy Pres* fund or funds that is/are appropriate for the case and agreed to by the Parties, and which shall be approved by the Court.

16. **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Alliant.  This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

17. **Continuing Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

18. **Implementation of the Agreement.**  The Parties are authorized to implement the terms of the Agreement.

19. **Reasonable Extensions.**  Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

20. **Class Action Fairness Act (CAFA) Notice.**  Alliant has provided timely notification through the settlement administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

21. **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed.

22. **Action Closed.**  The Clerk of the Court is directed to close the Action.

IT IS SO ORDERED.

- 6 -

**FINAL JUDGMENT AND [PROPOSED] ORDER
OF DISMISSAL WITH PREJUDICE**                                      CASE NO. 5:22-cv-01690-BLF

DATED: August 15, 2024

_____
THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT COURT JUDGE